UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **TIFFANY ROBIN ROBERTS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No.: 5:20-cv-00795-RDP-NAD |
| | ) |
| **SCOTT ANDERSON, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

Petitioner Tiffany Robin Roberts filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On August 18, 2021, the Magistrate Judge entered a Report and Recommendation recommending that the court deny the petition and dismiss this action with prejudice.[1] (Doc. 13). On September 7, 2021, Petitioner filed objections to the Report and Recommendation. (Doc. 14).

**I.      DISCUSSION**

The Report and Recommendation concluded that Petitioner had failed to exhaust her claims in state court, and that those claims consequently are procedurally defaulted. Petitioner's objections cannot overcome her procedural default.[2]

**A.      Petitioner's Claims are Procedurally Defaulted**

As explained in the Report and Recommendation, Petitioner failed to exhaust her claims

---

[1] This case was reassigned to Magistrate Judge Danella on August 30, 2021.

[2] The court notes that Petitioner timely submitted her objections. The August 18, 2021 Report and Recommendation specifically stated that a party must file any objections within 14 calendar days. (Doc. 13 at 11). But the Report and Recommendation was served by mail on Petitioner (Doc. 13); so, under Federal Rule of Civil Procedure 6(d), Petitioner had an additional 3 days to object. Consequently, Petitioner had until September 7, 2021, to file any objections. Petitioner's objections are stamped "FILED" on September 7, 2021, the date the Clerk of Court's office received them. (Doc. 14).

in the Alabama state courts—either through a direct appeal (Doc. 13 at 2), or through a Rule 32 petition and appeal (Doc. 13 at 3, 6).[3]

In this regard, the court agrees with the Report and Recommendation: because Petitioner failed to properly exhaust her claims, they now are procedurally defaulted. (Doc. 13 at 6). Nothing in Petitioner's objections shows that she properly exhausted her claims in state court, and that consequently the claims are not procedurally defaulted. As a result, the court need not review the merits of those claims. (Doc. 13 at 10).

### B. Petitioner's Objections Cannot Overcome Her Procedural Default.

After careful review, the court concludes that none of Petitioner's objections can overcome her procedural default. As stated in the Report and Recommendation, a petitioner who procedurally defaults on a constitutional claim generally cannot litigate that claim in a federal habeas proceeding. (Doc. 13 at 5). The exceptions to this general rule include situations where the petitioner can show either "cause and prejudice" or "the fundamental miscarriage of justice." (*Id.*; *see Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) ("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.")). One way a petitioner can demonstrate a "fundamental miscarriage of justice" is if she can establish a claim for actual innocence. (Doc. 13 at 5-6).[4] *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); Here, none of Petitioner's objections is sufficient

---

[3] Petitioner was convicted in the Circuit Court of Morgan County, Alabama, and filed her post-conviction Rule 32 petition in that same court. (Doc. 13 at 1-2). Petitioner did file a direct appeal of her conviction with the Alabama Court of Criminal Appeals, but she did not petition the Alabama Supreme Court for certiorari review after the intermediate appellate court affirmed her conviction. And (as noted above), Petitioner filed a Rule 32 petition; but, she did not appeal the trial court's denial of that petition. (Doc. 13 at 2-3, 6).

[4] "Where a defendant has procedurally defaulted a claim . . . , the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations and quotation marks omitted).

to invoke any of these exceptions to procedural default.

### 1. Petitioner's Objections Fail to Show "Cause and Prejudice"

Petitioner's objections fail to demonstrate any "cause and prejudice" that would excuse her procedural default. *See Smith*, 256 F.3d at 1138. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense . . . impeded [her] efforts to comply with the State's procedural rule." *Id.* at 1145 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). For example, a showing that "'some interference by officials' made compliance impracticable would constitute cause under this standard." *Amadeo v. Zant*, 486 U.S. 214, 222 (1988) (quoting *Murray*, 477 U.S. at 488); *see* Doc. 13 at 5.

The Report and Recommendation addressed Petitioner's several arguments that she had not timely received notice of the state trial court's order denying her post-conviction Rule 32 petition. According to Petitioner, after a change of address from Decatur, Alabama, to Georgia, she did not receive notice of the state trial court's decision until after the time for any appeal had passed. (Doc. 13 at 7-9).

The Report and Recommendation noted that the state trial court denied Petitioner's Rule 32 petition on January 21, 2021, that Petitioner had until March 4, 2021 to appeal that order, but that she had failed to file such an appeal. (Doc. 13 at 6). The Report and Recommendation also found that, on January 21, 2021 (*i.e.*, the date that the state trial court denied Petitioner's Rule 32 petition), the "state circuit transmitted notice of the Rule 32 order to Petitioner at her Decatur address on file," but that Petitioner purportedly did not obtain that order until April 2021. (Doc. 13 at 8).

In her objections, Petitioner argues for the first time that the court should excuse her failure to appeal the trial court's Rule 32 order because of a letter she had sent to the Morgan County Circuit Court Clerk, "Child Support Division." (Doc. 14 at 16). Although a district court "has

3

discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge" (*Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)), there is some overlap between this new argument and Petitioner's previous contentions that the court should excuse her failure to have timely appealed the trial court's Rule 32 order.  Consequently, the court will exercise its discretion and address her new argument about the change-of-address letter.

According to Petitioner, she sent a change-of-address letter to the Morgan County Circuit Court Clerk, "Child Support Division," which was date-stamped January 20, 2021—one day before the state trial court denied her Rule 32 petition.  (Doc. 14 at 16).

Petitioner attached a copy of that letter to her objections.  (Doc. 14 at 36).  In that letter, Petitioner states that she had not received child support payments in her child support case.  (Doc. 14 at 36).  Petitioner also provided her new address, and stated that "[t]his is the same address you use to send communications concerning my civil appeal."  (Doc. 14 at 36).

This letter cannot show the necessary "cause."  The court understands Petitioner's objections to suggest that the state trial court should have taken her letter to the "Child Support Division" (about her child support case) as a request to change her mailing address in her Rule 32 case.  But, among other shortcomings, Petitioner's letter to the "Child Support Division" did not even indicate the case number for her "civil appeal."  (Doc. 14 at 36).

As the Report and Recommendation found, Petitioner—in her Rule 32 case—did not notify the state trial court of her change of address until May 10, 2021, approximately four months after the court had issued its Rule 32 order.  (Doc. 13 at 8).

Petitioner has not demonstrated any "objective factor external to the petitioner," or any "interference by officials" that conceivably could show "cause."  *See Amadeo*, 486 U.S. at 222.  Instead, the error and lack of diligence were her own.  At best, with respect to her Rule 32 case,

Petitioner has offered only a change-of-address letter that was both misdirected (to the "Child Support Division"), and ambiguous (no case number for her "civil appeal" was indicated or provided).

Nor can this letter show the necessary "prejudice." Petitioner already has argued that "she forwarded her mail upon moving," that "she regularly ma[de] the two hour trip to check her locked mailbox . . . at her former apartment," and that when her former landlord informed her that "mail had arrived from both the State of Alabama and the District Court[,] [s]he immediately made the trip to collect these items." (Docs. 11 at 2-4 and 13 at 7-8). Petitioner also argued that she "'ha[d] paid (through Alacourt) to receive email alerts when there [wa]s any action taken in [her case].'" (Docs. 11 at 2 and 13 n.4).

As such, Plaintiff had alternative means to receive court notices. It follows that the state trial court's supposed mishandling of Petitioner's "Child Support Division" letter could not have caused Petitioner any "*actual* and substantial disadvantage." (Doc. 13 at 5). *See United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Accordingly, to the extent Petitioner argues her procedural default should be excused under the "cause and prejudice" exception, her objections on these grounds are due to be overruled.

**2.  Petitioner's Objections Fail to Show a "Fundamental Miscarriage of Justice," and Fail to Establish a Claim for Actual Innocence**

Next, Petitioner's objections fail to demonstrate any "fundamental miscarriage of justice" that would excuse her procedural default (*see Smith*, 256 F.3d at 1138), and the objections fail to establish a claim for actual innocence (*see Schlup*, 513 U.S. at 324).

As explained in the Report and Recommendation, a petitioner generally can satisfy the "miscarriage of justice" exception by offering evidence that she is "actually innocent." (Doc. 13 at 5-6). *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). And, an actual innocence claim

5

requires a petitioner to identify "new reliable evidence." *Schlup*, 513 U.S. 298, 324. That is, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Ray v. Mitchem*, 272 F. App'x 807, 810 (11th Cir. 2008) (citations and quotation marks omitted).

With respect to her supposed actual innocence, Petitioner's objections rehash many of the same arguments that she already has made in her response to Respondents' answer (Doc. 6), in her supplemental response in this case (Doc. 11), and in her Rule 32 petition in the state trial court (Doc. 4-11). (*See* Doc. 14 at 2-4). All of Petitioner's objections fail for lack of supporting evidence, and because none of her objections even conceivably could demonstrate "factual innocence," as opposed to "mere legal insufficiency." *Ray*, 272 F. App'x at 810.

For instance, Petitioner again argues that a police officer presented perjured statements and fabricated evidence both to the grand jury in order to obtain an indictment, and again at trial in order to obtain a conviction. (Doc. 14 at 4). The Report and Recommendation directly addressed this argument, and noted that Petitioner's appellate counsel told her that she could not attack her conviction on these grounds. (Doc. 13 at 9). The Report and Recommendation also found that Petitioner had failed to offer any evidence to support this supposition, and that—without more—her conclusory statements could not establish her innocence. (Doc. 13 at 10). Accordingly, her objections on these grounds now fail for the same reasons, and are due to be overruled.

Both the Report and Recommendation and the state trial court addressed Petitioner's next objection—that Morgan County Prosecutor Garrick Vickery, District Attorney Scott Anderson, and Officer Byron Williams "refused to turn . . . over" audio or video evidence that would have proved her innocence. (Doc. 14 at 6). Both the Report and Recommendation and the state trial court found that none of that purported evidence was newly discovered; rather, that evidence was part of Petitioner's trial lawyer's file. (Doc. 13 at 10). So, Petitioner still has not presented any

6

"new reliable evidence" to support an actual innocence claim. *See Schlup*, 513 U.S. at 324. Petitioner's objections on these grounds are due to be overruled.

Petitioner also includes in her objections numerous other arguments that were included in her previous responses and in her Rule 32 petition, but that the Report and Recommendation did not explicitly address. These objections also fail for lack of evidentiary support, and do not (and could not) demonstrate "factual innocence" in any way. *See Ray*, 272 F. App'x at 810. For example, there is no factual support for Petitioner's accusation that "[t]he trial court's withholding, and likely destruction, of the most critical items needed for [her] defense allowed the prosecution to insert countless fabricated incidents of alleged deception into [her] case." (Doc. 14 at 6-7).

In addition, Petitioner includes a scattershot of attacks on her trial counsel, arguing that her trial counsel's behavior led to the underlying conviction. Petitioner asserts that her trial counsel tried to "appease both sides" and to "avoid[] stepping on the toes of his close friends and colleagues." (Doc. 14 at 9). She also asserts that her counsel made excuses as to why he could not obtain certain interrogation room footage, and that he "put forth ridiculous defenses, without [her] consent." (Doc. 14 at 9-10). Petitioner asserts that her counsel should have filed a motion to compel the supposedly "exculpatory, material evidence of [her] actual innocence" (again, referring to the footage of her interrogation interview). (Doc. 14 at 12-13). She also asserts that her counsel should have told the jury that the prosecution failed to produce evidence regarding her interrogation interview. (Doc. 14 at 13).[5]

---

[5] The court notes, however, that Petitioner does acknowledge the following in her objections: Her trial counsel confronted Officer Williams about the testimony regarding Petitioner's allegedly having ripped up a counterfeit bill and then having stuffed it under the patrol car seat; and the officer "fluctuated between denying any recollection of this event, vaguely remembering the claim, and chalking up the destruction of this critical material evidence to simply chivalry." (Doc. 14 at 10). Petitioner even states that the prosecutor "had to repair the damage to his case that was done when [Petitioner's] attorney asked Officer Williams why the evidence used for [her] arrest, the ripped up counterfeit $10 bill and the footage of [her] stuffing it under the seat of a patrol car, no longer existed." (Doc. 14 at 22-23, 53).

None of these objections are supported by evidence, and none show "factual innocence," as opposed to "legal insufficiency." *Ray*, 272 F. App'x at 810. Accordingly, Petitioner's objections on these grounds are due to be overruled.

### 3. Petitioner's Remaining Objections Are Not Relevant to Her Petition for Habeas Corpus.

Petitioner's other objections are not relevant to her petition. Indeed, the remainder of Petitioner's objections appear to relate to a "domestic court retaliation case." (Doc. 14 at 17-21). These objections have no bearing on Petitioner's habeas case before this court. Accordingly, these objections are due to be overruled.

## II. CONCLUSION

Having carefully reviewed and considered *de novo* the materials in the court file, including the Report and Recommendation and Petitioner's objections, the court **OVERRULES** Petitioner's objections, and **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** his Recommendation. For the reasons discussed in this Memorandum Opinion, Petitioner's petition for a writ of habeas corpus (Doc. 1) is due to be denied, and Respondents' motion for summary judgment (Doc. 4) is due to be granted.

Furthermore, a certificate of appealability is due to be denied. This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further" (*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted)). The court concludes that Petitioner's claims cannot satisfy either standard.

The court will enter a separate final judgment.

**DONE** and **ORDERED** this October 28, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE